IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| FRANK HARRIS | ) | C.A. No. 3:04-2277-CMC-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | OPINION AND ORDER |
| BLUE CROSS AND BLUE SHIELD OF | ) | ON MOTION FOR |
| SOUTH CAROLINA AND COMPANION | ) | SUMMARY JUDGMENT |
| TECHNOLOGIES CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court for review of the Report and Recommendation ("Report") entered on August 10, 2006. For the reasons set forth below, the Report is adopted in part. Specifically, the court adopts the following recommendations:

1. that Defendants' motion for summary judgment be granted as to Plaintiff's claim that he was terminated in violation of public policy;

2. that Plaintiff be precluded from advancing his Title VII race discrimination claim based on the direct proof scheme as none of the evidence proffered constitutes direct evidence of discrimination;

3. that Plaintiff be precluded from advancing his Title VII race discrimination claim by presenting evidence as to the number of African American males in higher level positions as he has failed to proffer admissible statistical evidence;

4. that Plaintiff be found to have proffered sufficient evidence to support a prima facie case of race discrimination under Title VII both as to his inclusion in the reduction in force ("RIF") and his non selection for the Customer Consumer Advocate position ("CCA Position").

No objection has been asserted as to any of these recommendations.[1] They will not, therefore, be addressed further in this order.

The court declines, however, to adopt the Report to the extent it recommends that this court find no evidence of pretext. For reasons addressed in the remainder of this order, the court finds that Plaintiff has presented sufficient evidence of pretext to allow his Title VII claim to proceed to trial under the indirect proof scheme addressed in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973) and *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248 (1981).

## STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

---

[1] The complaint also asserts a claim for violation of the Age Discrimination in Employment Act. This claim was, however, dismissed by stipulation.

**DISCUSSION**

Significant facts in the present case are in dispute. These include, most critically, the relative skill, experience, special qualifications, and quality of work of Plaintiff, Jackie Meade Brennan ("Meade"), and Karen Hardy. Meade was the one individual retained by Defendants from Plaintiff's sales group when the RIF was implemented. Hardy was the individual selected over Plaintiff for the CCA Position. While not necessarily determinative, the relative skill, experience, special qualifications and quality of work of these individuals is relevant to determining whether Defendants' stated reasons for the challenged employment decisions were pretextual. This consideration, combined with the facts and inferences discussed below, persuades the court that Plaintiff has presented sufficient evidence of pretext to allow his case to proceed to trial.

Taking the evidence in the light most favorable to Plaintiff, the jury might find the following facts to be true.

1. Plaintiff was an exceptional employee with a length and breadth of experience that made him an excellent choice for retention for the position which was, instead, given to Meade.

2. Meade had substantial shortcomings in her ability to deal with the technological aspects of her pre-RIF position, as well as her willingness and ability to make sales calls and presentations, and was, therefore, likely to have similar difficulties in the surviving or new position.

3. The value of Meade's connections to the hospital industry were overstated.[2]

---

[2] Defendants rely heavily on Meade's connections to the hospital industry in arguing that she was the best choice for the surviving (or new) position. These connections consist of Meade's involvement in a hospital industry organization and her prior years selling collection services to hospitals. There is evidence, however, that membership in the hospital industry organization would have been open to any employee selected for the surviving position. Further, whatever contacts Meade had with the hospital industry may have been somewhat dated as she had not worked in that

4. Defendants intentionally led the employees who were losing their jobs, including Plaintiff, to believe that Meade would be included in the RIF when, in fact, Defendants had already determined that Meade would be the sole employee retained.

5. Despite acknowledged concerns that Plaintiff would raise claims such as those raised in this action, and despite claiming to have articulated the precise justification for retaining Meade rather than Plaintiff, Defendants made no contemporaneous effort to document their reasons for selecting Meade, who had only been with the company for a short while, over Plaintiff, who had over twenty-seven years with the company. Moreover, human resources personnel do not recall, and therefore cannot support, the reasons claimed by the more immediate managers for the decision at issue. Likewise, there are no emails or other informal records to support the claim that the reasons now given were articulated at the time.

6. When Defendants did set forth their reasons for Meade's selection (in response to Plaintiff's complaint of discrimination to the South Carolina Human Affairs Commission), they falsely suggested that Plaintiff was unqualified, rather than that Meade was viewed as more qualified because of her hospital connections;

7. The position to which Meade was assigned was a "new" position which should have been advertised but was not, suggesting possible further irregularities which cast doubt on the validity of the stated reasons for her retention.

---

area for two to three years. (Her pre-RIF position with Defendants involved sales to physicians offices on the West Coast, not sales to hospitals in the Southeast. For the year prior to coming to work for Defendants, Meade had worked on a political campaign.) Other evidence relating to Defendants' substantial presence in the industry could support a reasonable inference that Meade's contacts with the hospital industry would provide her with only minimally greater access than would be provided to any other of Defendants' employees.

4

8. When Plaintiff indicated an intent to apply for the CCA Position, he was initially told that the managers already had someone in mind for the job.

9. The scores given Plaintiff by the interviewer in regard to certain criteria were sufficiently unsupportable in light of his experience with the company, which should have been easily ascertainable, that they suggest an intentional skewing of the score. Similarly, specific comments attributed to Plaintiff by the interviewer are sufficiently implausible as to suggest intentional misstatements intended for the same purpose.[3]

In light of the above permissible findings of fact and related inferences, the jury could reasonably conclude that the reasons given for Plaintiff's inclusion in the RIF, as well as his non-selection for the CCA position were pretextual.[4] If the jury so concludes, it might then infer that the true reason involved racial bias. *See Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 148-49 (2000) ("Thus, a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated."). While other conclusions are also plausible, these are issues for the jury to decide.[5] Under these circumstances, the court concludes that the motion for summary judgment

---

[3] The interviewer noted Plaintiff's chief regret as not having spent more time with his family. Plaintiff, however, asserts that he has never been married, has no children, and has no family members as to whom he would have made such a statement.

[4] The recitation of potential findings here is not meant to suggest a prediction that the jury will find these particular facts to be true. There is clearly conflicting evidence in the record as to Meade's and Plaintiff's qualifications, and as to the reasoning behind both of the disputed employment decisions.

[5] As noted above, the jury may not find the qualification, procedural or other disputed facts in Plaintiff's favor. If not, they are unlikely to find that the reasons given for the hiring decisions were pretextual. Further, even if they find the reasons given for the decisions were false, they might

should be denied as to the Title VII claims.

## TRIAL SCHEDULE

The pretrial schedule shall be as follows:

1. No later than **October 13, 2006**, the parties shall advise the court as to the anticipated length of trial.

2. Mediation, pursuant to Local Civil Rules 16.04 – 16.12, shall be completed in this case on or before **October 27, 2006.** *See* Standing Order to Conduct Mediation 4:00-mc-5001, which sets forth mediation requirements and is found on the court's website under Judge Currie's forms (http://www.scd.uscourts.gov).

3. No later than **November 9, 2006**, the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures. Within fourteen (14) days thereafter, a party shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed. R. Civ. P. 32(a)(4). *See* Local Civil Rule 30.03(J) (video deposition additional requirements).

4. Motions in limine must be filed at least three weeks prior to jury selection.

5. Parties shall furnish the court pretrial briefs five (5) business days prior to the date set for jury selection (Local Civil Rule 26.05).[6] Attorneys shall meet at least five (5) business days prior to the date set for submission of pretrial briefs for the purpose of exchanging and marking all exhibits. *See* Local Civil Rule 26.07.

6. This case shall be called for trial during the **January** term of court, with jury selection set for **January 9, 2007.** Trial is tentatively scheduled for **January 10, 2007**.

## CONCLUSION

For the reasons set forth above, the Report and Recommendation is adopted in part and Defendants' motion for summary judgment is granted as to the claim that Plaintiff was terminated in violation of public policy. The Title VII claims may proceed to trial under the indirect proof

---

find that the true reasons were unrelated to any racial motivation.

[6] Judge Currie requires that pretrial briefs be filed with the Clerk of Court as part of the public record and served on opposing parties.

scheme as to both Plaintiff's inclusion in the RIF and his non-selection for the CCA Position. This matter shall proceed to trial as to these claims under the schedule set forth above.

  IT IS SO ORDERED.

                  s/ Cameron McGowan Currie
                 CAMERON MCGOWAN CURRIE
                 UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 28, 2006

C:\temp\notesB0AA3C\04-2277 harris v bcbs -- adopt in part..wpd